## MARY A. HENNESSEY *vs.* MARY C. DELAND.

A master to whom an apprentice was bound died, and the apprentice continued to live with and work for his widow, both believing that they were bound by the provisions of the indenture of apprenticeship. *Held*, that these facts did not necessarily prove a contract by the widow to fulfil the stipulations of the indenture.

CONTRACT for work and labor. Writ dated January 24, 1871. The defendant filed an answer denying the plaintiff's allegations, and also a declaration in set-off.

The case was referred by the Superior Court to an auditor, who made a report substantially as follows:

The plaintiff, being a minor of the age of eight years, was bound to Benjamin M. Deland, husband of the defendant, by an indenture dated September 28, 1859, between him and the inspectors of the state almshouse at Monson, which provided that she should be his apprentice until she was eighteen years old, and, among other things, that he would then give her $40. She lived with him and was in his service at the time of his death, November 9, 1859. After his death, the defendant kept the plaintiff in her service, without giving notice of her husband's death to the inspectors, boarded and clothed her, sent her to school and to church, and provided for her in a suitable manner, and the plaintiff served the defendant faithfully. Until she was eighteen years of age, she remained in the service or subject to the control of the defendant. The defendant intended to perform, while the plaintiff continued in her service and under her control, all the things required of her husband by the indenture, without making any express agreement to perform them. She had the indenture in her possession, knew its contents, and believed herself to be bound by its provisions; and the plaintiff believed, and had reason to believe, that if she served the defendant faithfully till she was eighteen years old, she would be entitled to forty dollars from the defendant, according to the indenture.

The auditor found that the services rendered by the plaintiff were a fair and just equivalent for the services rendered by the defendant; that one could be justly set off against the other;

and that neither party could recover, unless upon the facts above stated, the defendant, by keeping the plaintiff in her service and under her control after the death of her husband, until the plaintiff was eighteen years old, the plaintiff serving her faithfully, became liable to pay the plaintiff, according to the indenture; and if upon the facts stated, she became so liable, he found that the defendant owed the plaintiff for her services the sum of $41 and interest on the same from the date of the writ.

The parties agreed that the auditor's findings and statements should be taken as facts, and judgment should be entered for the plaintiff or defendant, as the court should determine. The Superior Court rendered judgment *pro forma* for the plaintiff, and the defendant appealed.

*J. G. Allen*, for the plaintiff.

*M. P. Knowlton*, ( *G. M. Stearns* with him,) for the defendant.

MORTON, J. It being agreed that the auditor's report shall be treated as an agreed statement of facts, a majority of the court is of opinion that the defendant is entitled to judgment. By the death of Benjamin M. Deland the indenture of apprenticeship became inoperative. Gen. Sts. *c.* 111, § 21. The defendant is not bound by the stipulations contained in it, unless she has agreed to perform them by a contract expressly entered into by her or implied by law. The agreed statement of facts finds that the defendant did not make any express agreement to perform them. The plaintiff remained in the service of the defendant after the death of her husband, each party supposing that they were bound by the indenture. But this does not necessarily prove a contract between them to be bound by the terms contained in the indenture. There was not a meeting of their minds in mutual promises necessary to constitute a contract. Nor does the law imply, from these facts, an agreement to perform the stipulations of the indenture. They are evidence from which, with other evidence, a jury might infer an agreement by the parties, but the law does not imply from them a contract by the defendant to pay the compensation fixed by the indenture. *Connor* v. *Hackley*, 2 Met. 613. The facts therefore present the case of one person performing services for another without any agreement as to price

In such cases, the law implies a contract by the employer to pay what the services are fairly worth. It follows that the plaintiff can claim of the defendant only the fair value of her services; and as the facts find that she has been paid this by the defendant, she is not entitled to recover anything in this action.

*Judgment for the defendant.*